UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00077-FDW
(3:17-cr-00134-FDW-DSC-21)

| | |
|---|---|
| PEDRO GUTIERREZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's pro se motion for recusal. [CV Doc. 9].[1]

On March 13, 2018, a federal grand jury indicted Petitioner Pedro Gutierrez ("Petitioner") and over 80 other members of the United Blood Nation ("UBN") gang on various charges, including conspiracy to engage in a pattern of racketeering activities, in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d). [CR Doc. 1241]. The racketeering activities included multiple acts involving murder and robbery, use or carry of a firearm during and in relation to a crime of violence, assault with a dangerous weapon, possession with the intent to distribute illegal narcotics, possession of a firearm by convicted felons, wire fraud, identity theft, and bank fraud. United States v. Gutierrez, 963 F.3d 320, 328 (2020). Petitioner was the leader, or "godfather," of the Nine Trey Gangsters, one of nine tightly controlled sects of the UBN. Id. at 327.

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:22-cv-00077-FDW, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:17-cr-00134-FDW-DSC-21.

Petitioner proceeded to trial and was found guilty by a jury of RICO conspiracy in violation of 18 U.S.C. §§ 1962(d) and 1963(a). [CR Doc. 1568: Jury Verdict]. Petitioner was sentenced to a term of imprisonment of 240 months. [CR Doc. 2035: Judgment]. Petitioner appealed his conviction and sentence and the Fourth Circuit affirmed. Gutierrez, 963 F.3d at 344.

On January 3, 2022, Petitioner moved to vacate his conviction, arguing that the Court lacked subject matter jurisdiction over his case under 18 U.S.C. § 3231. [CV Doc. 1]. Petitioner argued that the Government was obligated to show that it owned the land on which Petitioner's criminal conduct occurred or that Petitioner acquiesced in the Court's jurisdiction. [See id.]. The Court denied and dismissed Petitioner's motion on initial screening, finding that Petitioner failed to present a claim colorable under § 2255. [CV Doc. 7]. Petitioner appealed. [CV Doc. 10]. On appeal, proceeding pro se, Petitioner asserts that this Court erred in dismissing his motion to vacate because the Court lacked jurisdiction over Plaintiff's criminal proceeding. [CA4 No. 22-6433, Doc. 3]. The Government did not respond to Petitioner's opening informal brief, and the appeal remains pending with the Court of Appeals.[2]

A few days before Petitioner mailed his notice of appeal, he mailed the pending motion for recusal. [See CV Doc. 9 at 5 and CV Doc. 9-3; cf. CV Docs. 10 and 10-2]. Petitioner moves pursuant to 28 U.S.C. §§ 455 (a) and (b)(1) for recusal of the undersigned and submits his own Affidavit in support thereof. [CV Docs. 9, 9-1]. As grounds, Petitioner states that "at all times during and through out [*sic*] the trial U.S. District Judge FRANK D WHITNEY has displayed personal bias/prejudice towards [Petitioner] as evidenced by his comments and rulings in favor of

---

[2] Generally, the timely filing of a notice of appeal confers jurisdiction in the court of appeals "and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400 (1982). The district court, however, "does not lose jurisdiction to proceed as to matters in aid of the appeal." Lytle v. Griffith, 240 F.3d 404, 408 (4th Cir. 2001). The Court, therefore, will address Petitioner's motion here to relieve the Fourth Circuit from consideration of unresolved matters of record. See id.

2

the Government." [CV Doc. 9-1 at ¶ 3]. Petitioner also states that, at sentencing, the undersigned "made comments that were improper and inconsistent by a judge whom suppose to perform the duties of his office faithfully and impartially…." [Id. at ¶ 5 (errors uncorrected)]. That is, at sentencing, the Court commented, after noting that despite a guidelines sentence of 360 months to life Petitioner's statutory maximum sentence was only 240 months, it would impose a life sentence if the law allowed. [CR Doc. 2352 at 220, 225-26: Joint Sentencing Tr.].

Under 28 U.S.C. § 455(a), all "judge[s] of the United States" have a general duty to "disqualify [themselves] in any proceeding in which [their] impartiality might reasonably be questioned." In turn, 28 U.S.C. § 455(b) offers a list of other situations requiring recusal, one of which is where a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). The bias or prejudice must "result in an opinion on the merits [of a case] on some basis other than what the judge learned from his participation in the case." Id. at 545 n. 1 (quoting United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)). Section 144 requires recusal "whenever a party to any proceeding in a district court makes a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party…." 28 U.S.C. § 144. The affidavit must state with particularity "the facts and the reasons for the belief that bias or prejudice exists…." Id. If the affidavit is legally sufficient, the court must recuse itself. Sine v. Local No. 992 Int'l Bhd. of Teamsters, 882 F.2d 913, 914 (4th Cir. 1989). However, "[a]ssertions merely of a conclusionary nature are not enough, nor are opinions and rumors." United States v. Farkas, 669 F. App'x 122, 123 (4th Cir. 2016) (per curiam) (quoting United States v. Haldeman, 559 F.2d 31, 34 (D.C. Cir. 1976)).

3

The Plaintiff has failed to set forth any cognizable basis for the Court's recusal here. The Court's prior adverse judicial rulings and the challenged comments by the Court at sentencing do not provide a basis for recusal. See generally Liteky v. United States, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003) ("a presiding judge is not … required to recuse himself simply because of 'unsupported, irrational or highly tenuous speculation'") (quoting United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998)). The Court will deny Plaintiff's motion for recusal.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion [Doc. 9] is **DENIED**.

Signed: July 20, 2022

Frank D. Whitney
United States District Judge